UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | 2:26-cv-01318-SSS-SK | Date | February 17, 2026 |
|---|---|---|---|
| Title | Yoryet Maria Lozano Mosquer et al. v. Kristi Noem et al. | | |

Present: The Honorable   SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER GRANTING PETITIONER'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER [DKT. NOS. 2, 7]**

Before the Court is Petitioner's ex parte Application for a Temporary Restraining Order ("TRO") filed on February 9, 2026 in conjunction with her Petition for Writ of Habeas Corpus. [Dkt. No. 2, "Application"]. Petitioner then submitted a Second TRO Application on February 11, 2026. [Dkt. No. 7, "Second Application"]. Respondents filed their Responses to each TRO Application. [Dkt. No. 8, "First Response"; Dkt. No. 11, "Second Response"].

Respondents do not contest Petitioner's membership in the Bond Eligible Class in *Bautista v. Santacruz*. Consistent with the Final Judgment in *Bautista*, Petitioner is entitled to an individualized bond hearing. *See Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).

Respondents are precluded from relitigating the issue of whether Petitioner, as a member of the Bond Eligible Class in *Bautista*, is entitled to the relief requested in the TRO. As such, the TRO is **GRANTED**. [Dkt. Nos. 2, 7].

The Court **ORDERS** the following:

- Respondents are enjoined from continuing to detain Petitioner unless she is provided with an individualized bond hearing[1] before an immigration judge pursuant to 8 U.S.C. § 1226(a) within 7 days of the date of this Order;

- Respondents are enjoined from transferring, relocating, or removing Petitioner from the Central District of California without further order of the Court and pending final resolution of this litigation; and

- Respondents are to provide the Immigration Judge conducting the individualized bond hearing with a copy of this Order

This Order shall be in effect **until March 6, 2026**. The Court **ORDERS** the parties to submit a Joint Status Report as to whether Petitioner has received a bond hearing, the outcome of the bond hearing, and Respondents' compliance with this Order by **February 25, 2026 at 12:00 P.M.** The Court directs the parties to present all subsequent matters in this case to the Magistrate Judge.

**IT IS SO ORDERED**.

---

[1] It is well-established in the Ninth Circuit that the Government bears the burden of showing by clear and convincing evidence whether Petitioner poses a flight risk or danger to the public. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1200 (9th Cir. 2022). Therefore, the Court requires that the Immigration Judge properly place the burden of proof on Respondents.